

CLERK'S OFFICE U.S. DIST. COURT
ROANOKE, VA
FILED

DEC 08 2014

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RANDY SANCHEZ, JR., | CASE NO. 7:14CV00645 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| WARDEN, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Randy Sanchez, Jr., a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the 2011 judgment of the Rockingham County Circuit Court under which he stands convicted of murder and related firearms offenses and sentenced to life in prison. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after his conviction in the trial court, the defendant can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. As to claims that generally cannot be addressed on appeal, such as claims of ineffective assistance of trial counsel, the defendant's state court remedies in Virginia include filing a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(A)(1); § 17.1-411, or in the alternative, filing a state habeas petition

directly with the Supreme Court of Virginia. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, a defendant must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

In this § 2254 petition, Sanchez alleges that his trial counsel was ineffective in various respects, before and after his guilty plea. Sanchez indicates on his petition that he did not appeal his conviction or sentence and that he has never filed a petition for a writ of habeas corpus. State court records available online are consistent with these statements. Because these records indicate that Sanchez has not presented his current claims to any state court in a petition for a writ of habeas corpus, the appropriate legal vehicle by which he may ordinarily do so, he has not yet exhausted available state court remedies as required under § 2254(b). Therefore, this court must dismiss his § 2254 petition without prejudice.[1] See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 8th day of December, 2014.

/s/ Glen Conrad
Chief United States District Judge

---

[1] The court notes that even if Sanchez had exhausted his state court remedies, his current petition appears to be untimely filed under 28 U.S.C. § 2244(d), and would be dismissed on that basis, unless he could show grounds for tolling.

2